**Mary C. HELDMANN, Plaintiff,**

v.

**Richard J. JOHNSON and Badger Mutual Insurance Co., a Wisconsin corporation, Defendants.**

**No. 69-C-466.**

United States District Court,
E. D. Wisconsin.

Oct. 22, 1970.

**4**

Catania & Neubecker, by Edward F. Neubecker, Milwaukee, Wis., for plaintiff.

Cannon, McLaughlin, Herbon & Staudenmaier, by Ellis R. Herbon, Milwaukee, Wis., for defendants.

OPINION and ORDER

MYRON L. GORDON, District Judge.

The defendants have moved for an order requiring the plaintiff to respond to five different questions which she declined to answer on advice of her counsel during a deposition which was being taken of her. Defendants also request an extension of time in which to complete their discovery.

This is a diversity action in which the plaintiff alleges that through the defendants' negligence her automobile collided with the vehicle of the defendants. Annexed to the defendants' motion are excerpts from the transcript of the plaintiff's deposition.

The first question that she declined to answer, at the instance of her attorney, was one asking her best estimate of the width of a certain sidewalk. Another question which her counsel directed her not to answer reads as follows:

"You can't tell me whether the front of your car was one foot or 20 feet to the south or to the north of the south side of your house on the day in question?"

The third question which she declined to answer, upon advice of counsel, reads as follows:

"So you do have a consciousness now that this first impact that you felt was an impact at the extreme right front corner of your vehicle?"

Subsequently, the plaintiff was asked:

"And what is the name of the pharmacy on Latrobe where you had the Darvon prescription filled?"

Upon the instruction of her attorney, the plaintiff refused to respond to this question.

The final question which the plaintiff refused to answer was one which inquired whether the prescription for Darvon was filled by her at any other pharmacy than the one "on Latrobe".

In a memorandum supporting the plaintiff's failure to respond to the questions described above, her counsel points to the fact that her examination was taken on two separate occasions and consumed approximately five hours. He further notes that her testimony covered a total of 208 pages comprising a total of 1200 questions. Plaintiff's counsel also itemizes approximately 20 other questions which he suggests were wholly irrelevant to the issues raised by the pleadings. The plaintiff argues that "a common sense of humanity must compel the questions to come to a close".

While some of the 1200 questions put to the plaintiff were probably irrelevant, it is my opinion that this cannot be said of the five specific questions which are involved in the defendants' present motion. Each of them is relevant and a proper subject of deposition under Rule 26(b), Federal Rules of Civil Procedure. With regard to those questions which call for an estimate as to distance, defendants' counsel was not bound to accept the plaintiff's disclaimer that she was "not a good judge of distance"; there was a right to cross-examine her and explore more fully her knowledge or lack thereof on this topic.

With regard to the defendants' application for an extension of time in which to complete their discovery, it is noted that this case was commenced just a year ago. At a status report hearing

held on January 15, 1970, the court established certain proposed deadlines for discovery; those deadlines are obviously no longer realistic. The defendants have requested an extension until December 1, 1970, and the court concludes that such request is reasonable.

Now, therefore, it is ordered that the defendants' motion to require the plaintiff to answer the questions annexed to said motion be and hereby is granted.

It is further ordered that the time for the completion of discovery by both parties be and hereby is extended until December 1, 1970.